UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-18 |
| V. ) | (PHILLIPS/GUYTON) |
| ) | |
| CHARLES HAMPTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The Defendant appeared before the Court on September 24, 2008, for an initial appearance on a Petition for Action on Conditions of Pretrial Release [Doc. 31]. Assistant United States Attorney Tracee Plowell appeared on behalf of the Government. Attorney Kimberly Parton appeared on behalf of the Defendant, who was also present.

On February 12, 2008, the Defendant was released to Midway Rehabilitation Center on home detention with an Order Setting Conditions of Release [Doc. 11]. The conditions of the Defendant's release required that he: maintain residence at Midway Rehabilitation Center and follow all rules and regulations at the facility and participate in substance abuse treatment at the facility; not commit another federal, state, or local crime while on bond in federal court; report to the United States Probation Office as directed; maintain or actively seek employment; restrict his travel to the Eastern

District of Tennessee; refrain from possessing a firearm; and refrain from the use of any narcotic drugs or controlled substances. [Doc. 11.]

On March 6, 2008, a hearing on a Petition for Action on Conditions of Pretrial Release [Doc. 13] was held. The Court ordered the Defendant be returned to Midway Rehabilitation Facility pursuant to the previously entered conditions of release. [Doc. 17.] On April 11, 2008, the Court reviewed the status of Defendant's pretrial release and ordered that he remain on pretrial release subject to the previously entered conditions of release. [Doc. 22.] On September 15, 2008, the Court entered an Order [Doc. 33] instructing the Clerk of Court to issue a writ of habeas corpus ad prosequendum to the Sheriff of Loudon County to bring the Defendant before the Court on a Petition for Action on Conditions of Pretrial Release [Doc. 31].

Defendant appeared before the Court on September 24, 2008, and was advised of his rights and the violation of the conditions of release that was alleged. The Court was prepared to conduct a hearing pursuant to 18 U.S.C. § 3148 to determine whether the Defendant had violated the terms of the Order Setting Conditions of Release [Doc. 11]. Instead, the Defendant waived his right to a hearing both in writing and orally. Defendant acknowledged that his waiver meant his release would be revoked and he would be held in custody until the completion of his trial. Accordingly, the **Order Setting Conditions of Release [Doc. 11]** is hereby **REVOKED**, and the Defendant is remanded to the custody of the United States Marshal pending his trial.

At the time of hearing, the Defendant's trial date was September 24, 2008. Defendant made an oral motion for continuance of the trial date. Ms. Parton stated that she had not been able to prepare for trial because her client had been in the Loudon County Detention Center on other charges. In addition, the present hearing had taken the time and date allotted for the trial. The

Defendant agreed that all the time between the former trial date and the new trial date would be fully excludable under the Speedy Trial Act. The Government joined in the oral motion and concurred with the Defendant's position that all time between the former trial date and new trial date would be fully excludable under the Speedy Trial Act.

The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that the continuance is unavoidable because the Court was forced to set an initial appearance on the Petition for Action on Conditions of Pretrial Release [Doc. 31] on the time and date set for trial. Thus, counsels' use of due diligence could not prevent this continuance. See 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the Court finds that Defendant's oral motion to continue the trial date is well-taken, and therefore, it is **GRANTED**.

In light of these findings and its granting of the motion, the Court set a new trial date of **December 2, 2008.** The Court further finds that the period of time between September 24, 2008, and the new trial date of December 2, 2008, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

In summary:

1. The oral motion to continue the trial is **GRANTED**;

2. The Defendant is **REMANDED** to the custody of the United States Marshals pending his trial;

3. A pretrial conference is set for **November 20, 2008 at 11:00 a.m.**;

3

4. The trial date is set for **December 2, 2008** before the Honorable Thomas Phillips, United States District Judge; and

5. All time between the **September 24, 2008**, hearing and the **December 2, 2008**, trial date is fully excludable under the Speedy Trial Act.

**IT IS SO ORDERED.**

ENTER:

   s/ H. Bruce Guyton
United States Magistrate Judge